

**NUMBER 13-25-00115-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**SHAWN TOMPKINS,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                **Appellee.**

---

**ON APPEAL FROM THE 319TH DISTRICT COURT
OF NUECES COUNTY, TEXAS**

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron**

This cause is before the Court on appellant's recent correspondence which we construe as a motion of extension of time to cure the notice of appeal defects. On March 5, 2025, appellant filed a notice of appeal attempting to appeal a judgment or order entered in trial court cause number 2025DCV-0308-G. On March 6, 2025, the Clerk of the Court notified appellant that it appears there is no final, appealable order. Appellant

was further notified that if the defect was not cured within ten days, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). Appellant was also advised of other technical deficiencies in the notice of appeal.

Upon review of the documents before us, including the trial court docket sheet, it appears there is no final, appealable order in the matter. Appellant has failed to correct the defects and instead filed the motion for extension of time; the motion in no way indicates the needed time is to establish jurisdiction or how more time would allow appellant to cure the jurisdictional or other defects. Additionally, the district court clerk's office confirmed with the Clerk of the Court that there is no order or judgment, final or otherwise, entered in this case which remains pending before the trial court.

Absent an appealable interlocutory order or final judgment, this Court has no jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 W.S.3d 316, 319 n.1 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Having considered the documents on file and appellant's failure to correct the jurisdictional defect in this matter or establish how more time would aid in curing the defect, we deny appellant's motion for more time to cure the notice of appeal defects and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JENNY CRON
Justice

Delivered and filed on the
8th day of May, 2025.